UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| GERALD D. LARSON, | Case No. 24-CV-2783 (NEB/DLM) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| FRANK BISIGNANO, Commissioner of the Social Security Administration, | |
| Defendant. | |

Plaintiff Gerald Larson sought judicial review of a final decision by the Commissioner of the Social Security Administration ("Commissioner"), denying his application for Supplemental Social Security Income benefits. (ECF No. 1.) Larson asks the Court to reverse the Commissioner's final decision and either award benefits or remand Larson's application for further proceedings. (*See* ECF No. 16 ("Obj.") at 6.) He argues the administrative law judge ("ALJ") committed legal error by failing to include "brief" and "superficial" social interaction limitations in her residual functional capacity[1] ("RFC") determination.

---

[1] An RFC is the most a claimant "can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1).

United States Magistrate Judge Douglas L. Micko recommended affirming the Commissioner's decision. (ECF No. 15 ("R&R") at 17.) Larson timely objected to the R&R. (Obj.) For the reasons below, the Court overrules the objection and accepts the R&R.

## BACKGROUND

Larson applied for social security income from the Social Security Administration ("SSA"). (ECF No. 9 at 392–400.[2]) The SSA denied his application upon initial review and upon reconsideration. (*Id.* at 109–30, 132–58.) Larson requested an administrative hearing, and, after reviewing the case, the ALJ concluded that Larson was not disabled. (*Id.* at 160–77.) When Larson appealed, the SSA Appeals Council reversed and remanded the decision because the ALJ did not adequately evaluate two state agency psychologists' opinions. (*Id.* at 185.) On remand, a new ALJ heard the case and concluded that Larson is not disabled under Section 1614(a)(3)(A) of the Social Security Act, 42 U.S.C. § 1382c(a)(3). (*Id.* at 23–37 ("ALJ Decision").) Larson now challenges the second ALJ decision.

In forming her opinion, the ALJ employed the familiar five-step procedure delineated in 20 C.F.R. Section 416.920(a)(4). (*Id.* at 24–36.) Because the dispute here concerns the ALJ's assessment of Larson's RFC, the Court limits its background discussion to this issue. (*See* Obj. at 2–5.) Larson contends that the ALJ erred because she

---

[2] Page numbers reflect CM/ECF pagination, including for the Administrative Record (ECF Nos. 9, 9-1), despite the parties and the Magistrate Judge each using different pagination conventions in their citations to the Administrative Record.

2

did not properly consider the social interaction limitations given by two state agency psychologists: Dr. Dres and Dr. Shields (together, "the psychologists").

## I. The Psychologists' Opinions

Central to this case is the psychologists' findings about Larson's social limitations. Dr. Dres performed the initial evaluation of Larson and provided an RFC assessment and a functional narrative. (ECF No. 9 at 124–27 ("Dres's RFC Assmt."); *id.* at 118–20 ("Dres's Narrative").) In Dr. Dres's RFC assessment, he concluded that Larson had no social interaction limitations, but he referred readers to his functional narrative. (Dres's RFC Assmt. at 126–27.) His functional narrative states that Larson's mental condition is limited to "minimal public contact tasks and brief, infrequent and superficial interactions with co-workers and supervisors." (Dres's Narrative at 120.)

After the SSA denied Larson's initial disability application, Dr. Shields reevaluated Larson and provided his own RFC assessment and functional narrative. (ECF No. 9 at 151–55 ("Shields's RFC Assmt."); *id.* at 143–45 ("Shields's Narrative").) In Dr. Shields's RFC assessment, he also stated that Larson did not have social interaction limitations. (Shields's RFC Assmt. at 154.) He added that "[f]ile evidence is in line with the initial determination which is persuasive and supported and suggests these limitations." (*Id.*) And Dr. Shields's functional narrative includes the exact same social limitation language as Dr. Dres's functional narrative—that Larson is limited to "minimal public contact tasks

and brief, infrequent and superficial interactions with co-workers and supervisors." (Shields's Narrative at 145.)

## II. The ALJ's Decision

At step four of the social security disability analysis, the ALJ concluded that Larson had the RFC to perform light work with additional limitations, including that he can "tolerate occasional interactions with supervisors, coworkers, and the public." (ALJ Decision at 30.) The ALJ reached this conclusion because of "the sporadic reports of issues with irritability and anger" in the record. (*Id.* at 34.) In making her RFC determination, the ALJ said she was "generally persuaded" by the psychologists' findings. (*Id.* at 34–35.)

After making the RFC determination, the ALJ applied that RFC as she continued the five-step SSA disability analysis. (*Id.* at 35–36.) In the end, the ALJ concluded that Larson was not disabled because he could successfully adjust to other available work. (*Id.* at 36.)

## III. R&R

After exhausting the administrative process, Larson sought judicial review of the ALJ's decision. (ECF No. 1.) He seeks judgment on the administrative record, or, in the alternative, he requests that the claim be remanded to the Commissioner in accordance with the fourth sentence of 42 U.S.C. Section 405(g). (ECF No. 11 at 13.)

Judge Micko reviewed this request and recommended that Larson's motion be denied and that the Commissioner's final decision denying Larson's application be

4

affirmed. (R&R at 17.) The R&R concluded that the ALJ did not ignore the psychologists' findings on Larson's social interaction limitations because the ALJ's RFC determination includes that Larson "requires no more than occasional interaction with supervisors, co-workers, and the public." (*Id.* at 13–15 (quoting ALJ Decision at 34).)

Larson objects to the R&R arguing that the ALJ erred by not discussing or including brief and superficial social interaction limitations when such limitations were included in the functional narratives of psychologists' whose findings the ALJ found "generally persuasive." (Obj. at 3.)

## ANALYSIS

### I. Legal Standard

Because Larson objected, the Court reviewed the R&R *de novo*. In conducting this *de novo* review of the Commissioner's decision to deny benefits, the Court's task is limited to reviewing the record for legal error and to ensuring that the factual findings are supported by "substantial evidence." *Hensley v. Barnhart*, 352 F.3d 353, 355 (8th Cir. 2003). Substantial evidence is less than a preponderance of the evidence. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). It is enough evidence for a reasonable mind to find adequate support for the ALJ's conclusion. *Id*. Thus, if after review, the Court finds that the record supports two possible, but inconsistent positions, and one of those positions reflects the ALJ's findings, the Court must affirm the decision. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015).

The assessment of a claimant's RFC is a matter for the ALJ to determine, and "[t]he ALJ is not required to accept any opinions, nor is the ALJ required to adopt wholesale the opinion of any medical expert, even if the ALJ views that opinion as persuasive." *David P. v. Kijakazi*, No. 23-CV-5 (JWB/TNL), 2023 WL 7923788, at *2 (D. Minn. Nov. 16, 2023) (citing *Austin v. Kijakazi*, 52 F.4th 723, 729 (8th Cir. 2022)); *see also Gary L. L. v. Kijakazi*, No. 23-CV-17 (KMM/ECW), 2023 WL 7535002, at *7 (D. Minn. Oct. 11, 2023) ("The ALJ is not required to use magic words in the RFC [determination] and there is no requirement that the ALJ include every limitation verbatim." (citation omitted)), *report & recommendation adopted*, 2023 WL 7530796 (D. Minn. Nov. 13, 2023). An ALJ uses five factors to analyze the persuasiveness of medical opinions. 20 C.F.R. § 404.1520c(c). The two most important factors are whether the medical opinions are "supported by objective medical evidence" and "consistent with other medical sources." *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022) (citing 20 C.F.R. § 404.1520c(a)).

The ALJ "is required to construct a 'logical bridge' between the evidence and his conclusions." *Jacobs v. Astrue*, No. 08-CV-431 (JMR/JJK), 2009 WL 943859, at *3 (D. Minn. Apr. 6, 2009) (citing *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)). An ALJ "must explain his rejection of uncontradicted evidence that would support the claim for benefits, in order to overcome the inference that the ALJ did not reject the evidence but simply forgot it or thought it irrelevant." *Id*. Thus, "[i]f an ALJ does find an opinion persuasive, he should explain any inconsistencies between that opinion and the RFC

6

determination." *Gavin G. v. O'Malley*, No. 24-CV-947 (ECT/DTS), 2024 WL 4355159, at *4 (D. Minn. Sept. 4, 2024), *report & recommendation adopted*, 2024 WL 4355085 (D. Minn. Sept. 30, 2024).

## II.   Larson's Objection

Larson contends that the ALJ did not properly consider the psychologists' medical opinions, but his objection is a narrow one.[3] At bottom, Larson's complaint is that the psychologists, in their functional narratives, used "occasional," "brief," and "superficial" to describe Larson's limitations in interacting with others, yet the ALJ used only the term "occasional," despite finding the psychologists' opinions generally persuasive. (Obj. at 3.) Per Social Security Ruling 96-8p, ALJs must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." 1996 WL 374184, at *7 (July 2, 1996). In his R&R, Judge Micko concluded the ALJ did not commit legal error because her finding that Larson is limited to "occasional interactions" shows that she did, in fact, consider the psychologists' references to social interaction limitations. (R&R at 11–16.) After conducting a *de novo* review, the Court agrees and holds that the ALJ did not commit legal error, and her RFC determination is supported by substantial evidence.

---

[3] Larson does not object the R&R's other conclusions, so the Court reviews the rest of the R&R for clear error. Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). Having reviewed the R&R and the record, the Court finds no clear error.

7

To begin, the psychologists' RFC assessments say Larson has no social interaction limitations. (Dres's RFC Assmt. at 126; Shields's RFC Assmt. at 154.) And while Dr. Dres's RFC assessment refers readers back to his functional narrative which, like Dr. Shields's, includes social interaction limitations, the ALJ is not required to "mechanically list and reject" nor "explicitly reconcile" every limitation offered by the psychologists. *See McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011) ("list and reject"); *Austin*, 52 F.4th at 729 ("explicitly . . . reconcile" (citation omitted)); *see also Tria V. H. v. Colvin*, No. 23-cv-2979 (KMM/SGE), 2025 WL 66505, at *3 (D. Minn. Jan. 10, 2025) (rejecting a similar argument because "the ALJ was not required to list and reject nor explicitly reconcile every possible limitation" by the medical expert (quotation marks omitted)).

In any event, the ALJ did find a social interaction limitation[4] and is not required to adopt limitations word-for-word, even if she finds a medical opinion generally persuasive. *Wyatt v. Kijakazi*, No. 23-1559, 2023 WL 6629761, at *1 (8th Cir. Oct. 12, 2023) (per curiam) (holding that an ALJ is "not required to adopt the exact limitations set forth in the opinions she found persuasive"); *Tria V. H.*, 2025 WL 66505, at *3 (affirming the ALJ's decision to adopt limitations different than those in a medical opinion where "[t]he ALJ concluded that [the medical expert's] opinion was *generally* persuasive and that [the

---

[4] She also explicitly acknowledged that Dr. Dres found "a mild limitation in [Larson's] ability to interact with others," therefore showing that she looked at the functional narrative in addition to the RFC assessment. (ALJ Decision at 34.) The ALJ said she was "generally persuaded" by that finding. (*Id.*)

8

ALJ] accounted for the opinion in the RFC to the extent it was consistent with the entire record").

The ALJ said, "given the sporadic reports of issues with irritability and anger, I also find that a limitation to work that requires no more than occasional interaction with supervisors, co-workers, and the public is supported by the record." (ALJ Decision at 34.) This rationale provides a "logical bridge" between the evidence and the ALJ's RFC determination limiting Larson to "occasional interactions" with others and therefore satisfies SSR 96-8p. *See Jacobs*, 2009 WL 943859, at *3 (citation omitted).

While several district court decisions have noted a material distinction between limitations for superficial interactions and those for occasional interactions, Larson points to none of them. *Kenneth J.V. v. Kijakazi*, No. 22-CV-373 (KMM/DJF), 2023 WL 2394397, at *10 (D. Minn. Jan. 27, 2023*), report & recommendation adopted*, 2023 WL 2388696 (D. Minn. Mar. 7, 2023); *Charlita N. v. O'Malley*, No. 23-CV-1283 (NEB/DTS), 2024 WL 1667155, at *1 (D. Minn. Apr. 15, 2024); *Jason L. v. O'Malley*, No. 23-CV-184 (JWB/JFD), 2024 WL 965240, at *1–2 (D. Minn. Mar. 6, 2024).

But, more importantly, recent Eighth Circuit cases have rejected the argument that an ALJ commits reversible error by failing to address a distinction between superficial and occasional contacts. *Wyatt*, 2023 WL 6629761, at *1; *Lane v. O'Malley*, No. 23-1432, 2024 WL 302395, at *1 (8th Cir. Jan. 26, 2024) (per curiam); *see Jennifer L. v. Comm'r of the Soc. Sec. Admin.*, No. 23-CV-1822 (KMM/TNL), 2024 WL 4003021, at *1 (D. Minn.

9

Aug. 30, 2024). The *Lane* court put it plainly: "We reject this manufactured inconsistency." 2024 WL 302395, at *1. And, as Judge Katherine Menendez noted in *Jennifer L.*, this reading of the Eighth Circuit's law is consistent with that of other courts. 2024 WL 4003021, at *3 (citing *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015); *Shaibi v. Berryhill*, 883 F.3d 1102, 1107 (9th Cir. 2017); *Reynolds v. Kijakazi*, 25 F.4th 470, 474 (7th Cir. 2022)).

While the Court can envision a case in which this distinction matters, in this case, as in other recent ones, nothing in the ALJ's reference to "occasional" interactions conflicts with the psychologists' opinions that Larson is limited to "brief" and "superficial interactions with co-workers and supervisors." (Dres's Narrative at 120); *see Lane*, 2024 WL 302395, at *1. Nor do the functional narratives describe a difference between "brief," "superficial," and "occasional." (*See* Dres's Narrative at 118–20; Shields's Narrative at 143–45.) And Larson points to no other evidence in which the psychologists elaborated on what they meant by "superficial" and "brief" in a way that is inconsistent with the ALJ's RFC determination limiting Larson to "occasional" interactions. *See Jennifer L.*, 2024 WL 4003021, at *3 (explaining that superficial "is not a defined term in the Social Security regulations or other sources" and the psychologists did not explain "what they meant by 'superficial' in a way that is clearly inconsistent with the ALJ's limitation to 'occasional'"). Therefore, "brief," "superficial," and "occasional" are not inconsistent. And, the deferential standard of review applied here "precludes us from labeling findings as

10

inconsistent if they can be harmonized." *Galloway v. Kijakazi*, 46 F.4th 686, 690 (8th Cir. 2022) (quotation marks and citation omitted).

The ALJ's RFC determination is supported by substantial evidence because the RFC assessments themselves found no social interaction limitations at all, the ALJ nonetheless limited Larson to occasional social interactions, and the psychologists did not provide any meaningful distinction between "brief," "occasional," and "superficial." *See Wyatt*, 2023 WL 6629761, at *1. Therefore, the Court "decline[s] to nitpick [the ALJ's] well-reasoned decision." *Lane*, 2024 WL 302395, at *1.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Larson's objection to the Report and Recommendation (ECF No. 16) is OVERRULED;

2. The Report and Recommendation (ECF No. 15) is ACCEPTED;

3. Larson's request for judgment on the administrative record (ECF No. 11) is DENIED;

4. The Commissioner's request for judgment on the administrative record (ECF No. 13) is GRANTED; and

5. This matter is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 30, 2025                          BY THE COURT:

                                                           s/Nancy E. Brasel
                                                           Nancy E. Brasel
                                                           United States District Judge